UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
PARKER WAICHMAN LLP,

                       Plaintiff,

                                        MEMORANDUM & ORDER
            -against-                   12-CV-4784(JS)(AKT)

GILMAN LAW LLP and ROBERT LARAIA,

                       Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:      Brad D. Rose, Esq.
                    Benjamin Kincaid Semel, Esq.
                    William L. Charron, Esq.
                    Pryor Cashman Sherman & Flynn LLP[1]
                    410 Park Avenue
                    New York, NY 10022

For Defendants:
Gilman Law LLP      Roger J. Bernstein, Esq.
                    Law Offices of Roger Bernstein, Esq.
                    535 Fifth Avenue, 35th Floor
                    New York, NY 10017

Robert Laraia       Kathleen Tirelli, Esq.
                    Scott Michael Mishkin, PC
                    One Suffolk Square, Suite 240
                    Islandia, NY 11749

SEYBERT, District Judge:

        Plaintiff Parker Waichman LLP ("Plaintiff") commenced

this action against Defendants Gilman Law LLP ("Gilman") and Robert

Laraia ("Laraia," and together with Gilman, "Defendants") on

---

[1] The Court notes that the firm name and address on Plaintiff's
counsel's papers do not conform to the firm name and address on
the docket.  To the extent that there has been a change in the
firm's name or address, counsel is directed to file a Notice of
Change of Address forthwith.

September 25, 2012, asserting claims for trade dress infringement and violation of New York common law arising out of Defendants' alleged copying of the form and content of one of Plaintiff's websites.  Presently pending before the undersigned are Laraia's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docket Entry 25) and his appeal of a decision of Magistrate Judge A. Kathleen Tomlinson granting in part a motion to compel filed by Plaintiff (Docket Entry 48). For the following reasons, the motion for judgment on the pleadings is GRANTED, and the appeal is DISMISSED AS MOOT.

<u>BACKGROUND</u>[2]

Plaintiff, a personal injury law firm, arranged for the design, coding, production, and maintenance of the website, YOURLAWYER.COM, to market its services over the internet. (Compl. ¶ 9.)  YOURLAWYER.COM, which is comprised of over 50,000 pages of information for potential clients, launched in 2000 and has been registered with the United States Patent and Trademark Office since 2007. (Compl. ¶¶ 9-11.)  This is not Plaintiff's only website. Plaintiff currently operates hundreds of websites and has invested substantial time, money, and resources (including approximately

---

[2] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

ten employees) in developing and creating its extensive web presence. (Compl. ¶ 10.)

From July 2, 2007 to September 18, 2012, Plaintiff employed Laraia to assist in programming and designing certain pages of YOURLAWYER.COM. (Compl. ¶ 15.) Laraia thus was given access to and gained knowledge of Plaintiff's "valuable and confidential business information" (Compl. ¶ 15), including information about "the design, management, deployment, systems, methods, use and access of [Plaintiff]'s extensive website, compilations of data showing client and potential client access and visitor flow, statistics concerning access of pages related to specific liability issues, drugs, medical devices and products, and more" (Compl. ¶ 30). According to the Complaint, Laraia's "employment agreement" prohibited him from disclosing such information to third parties without Plaintiff's prior written consent. (Compl. ¶¶ 15, 29.)

At some point prior to 2008, Defendant Gilman, also a personal injury firm, hired Laraia to assist it in preparing its own website. (Compl. ¶ 13, 16-17, 31.) The Complaint asserts that Gilman was "well aware" of YOURLAWYER.COM, "was desirous to copy it, and hired Laraia in furtherance of that goal." (Compl. ¶ 13.) Plaintiff further alleges that Laraia, in assisting in the design of Gilman's website, used and disclosed to Gilman Plaintiff's confidential business information without Plaintiff's

consent in violation of his employment agreement.  (Compl. ¶¶ 16, 29-31.)

In or around 2008, Gilman's launched its website. (Compl. ¶ 18.)  Plaintiff asserts that Gilman's website "copied" certain features of YOURLAWYER.COM, "includ[ing], but . . . not limited to" (Compl. ¶ 14):

A.   A blue header bar listing topics in white type relating to personal injury and mass torts, separated by white vertical bars . . . .

B.   Directly above (A) on the left is the firm name, logo, and the descriptive line, "A National Law Firm."

C.   Directly below (A) is an element of scrolling images and news headlines with back, pause and forward buttons.

D.   Directly below (C) is a shaded box containing links to current drugs, products and legal issues, with just headers and no additional description.

E.   A blue footer bar of approximately ten lines repeating the element (B).

F.   A brightly colored side banner form allowing visitors to input: (i) their personal information; (ii) the date of their incident; (iii) the name of the drug, device or accident description; and (iv) a description of their case, with a larger white text heading that states:

"FREE CASE REVIEW
NO COST ● NO OBLIGATION"

G.   A blue, floating side banner, addressed to visitors with a question, which states in white type "FREE CASE REVIEW" and clicks through to a page with a case submission form.

H.   Topic pages that click through from (A) and list sub-topic pages on numerous liability issues . . . .

4

(Compl. ¶ 14.)  The Complaint asserts that the similarities between the websites are "likely to cause consumer confusion" (Compl. ¶ 22), and "actual and potential consumers of [Plaintiff] have relied upon the likely confusion, mistake and/or deception" which has caused "economic loss to [Plaintiff]'s business" (Compl. ¶ 23).

Plaintiff initiated this action on September 25, 2012, asserting the following claims for monetary and injunctive relief against both Defendants: trade dress infringement, unfair competition, unjust enrichment, tortious interference with prospective economic advantage, and civil conspiracy. The Complaint also asserts claims for breach of contract, breach of fiduciary duty, diversion of corporate opportunity, and faithless service against Laraia only, and claims for tortious interference with contract, misappropriation of trade secrets, consumer fraud, and aiding and abetting breach of fiduciary duty against Gilman only.

On October 17, 2012, Laraia answered the Complaint, asserting a counterclaim for unpaid wages pursuant to New York's Labor Law (Docket Entry 10), and, on December 6, 2012, Laraia moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docket Entry 25). Gilman did not answer, but instead moved to dismiss the Complaint pursuant to Rule 12(b)(6). (Docket Entry 14.)  Gilman settled, however, and its

motion was denied as moot when a Consent Judgment was entered on December 21, 2012.  (Docket Entry 34.)

Presently before the Court are Laraia's motion for judgment on the pleadings and an appeal of a decision of Judge Tomlinson compelling Laraia to identify any other law firms for which he worked, to provide documents reflecting payments that he received for work on the websites of those firms, and to provide any of Plaintiff's business information used in connection with those websites.

<u>DISCUSSION</u>

The Court will address the motion for judgment on the pleadings and the appeal in that order.

I.    <u>Motion for Judgment on the Pleadings</u>

A.    <u>Standard of Review under Rule 12(c)</u>

The standard for deciding a motion pursuant to Rule 12(c) "is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  <u>See</u> <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001).  In deciding Rule 12(b)(6) motions to dismiss for failure to state a claim, the Court applies a "plausibility standard," which is guided by "[t]wo working principles."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); <u>accord</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009).  <u>First</u>, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal

6

conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted); accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken, see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-52 (2d Cir. 2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991), which includes websites accessible to the public, see, e.g., 23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health, 685 F.3d 174, 183 n.7 (2d Cir. 2012).

B.   <u>Trade Dress Infringement</u>

Section 43(a) of the Lanham Act protects against trade dress infringement by providing that anyone who:

> uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A).

To state a valid claim for trade dress infringement, a plaintiff must allege that:  (1) the trade dress is distinctive in that it identifies the source of the product; (2) there is a likelihood of confusion between the parties' goods; and (3) the trade dress is not functional--<u>i.e.</u>, "essential to the use or purpose of the article" or "affect[ing] the cost or quality of the article." <u>Yurman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 115-16 (2d Cir. 2001) (quoting <u>TrafFix Devices, Inc. v. Mtkg. Displays, Inc.</u>, 532 U.S. 23, 121 S. Ct. 1255, 1261, 149 L. Ed. 2d 164 (2001)) (internal quotation marks omitted).  Further, to survive a motion to dismiss, a "plaintiff must 'offer a precise expression of the character and scope of the claimed trade dress.'" <u>Nat'l Lighting Co. v. Bridge Metal Indus., L.L.C.</u>, 601 F. Supp. 2d 556, 561 (S.D.N.Y. 2009) (quoting <u>Sherwood 48 Assoc. v. Sony Corp. of Am.</u>,

76 F. App'x 389, 391 (2d Cir. 2003)); accord Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 381 (2d Cir. 1997); see also Yurman, 262 F.3d at 116 (stating that a plaintiff must specify its trade dress by "articulat[ing] the design elements that compose" it).  In other words, a "laundry list of the elements that constitute" a product's design is insufficient.  Nat'l Lighting, 601 F. Supp. 2d at 562; see also Shevy Custom Wigs, Inc. v. Aggie Wigs, No. 06-CV-1657, 2006 WL 3335008, at *5 (E.D.N.Y. Nov. 17, 2006) (finding that a general list of the elements of a product's design was insufficient to survive a motion to dismiss because "[t]he issue is not just which features are distinctive, but also how they are distinctive").

Trade dress traditionally included only a product's packaging (and later a product's design), see Wal-Mart Stores v. Samara Bros., Inc., 529 U.S. 205, 209, 120 S. Ct. 1339, 146 L. Ed. 2d 182 (2000), and the application of trade dress law to websites is a somewhat "novel" concept, Blue Nile, Inc. v. Ice.com, Inc., 478 F. Supp. 2d 1240, 1246 (W.D. Wash. 2007); see also Salt Optics, Inc. v. Jand, Inc., No. 10-CV-0828, 2010 WL 4961702, at *5 (C.D. Cal. Nov. 19, 2010).  While there is "sparse case law" on the topic, Conference Archives, Inc. v. Sound Images, Inc., No. 06-CV-0076, 2010 WL 1626072, at *7 (W.D. Pa. Mar. 31, 2010), a few district courts in other circuits have recognized that a website's "look and feel" can constitute a protectable trade dress, see,

e.g., Blue Nile, 478 F. Supp. 2d at 1246; Conference Archives, 2010 WL 1626072, at *14-16; Salt Optics, 2010 WL 4961702, at *5; Sleep Sci. Partners v. Lieberman, No. 09-CV-4200, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010). It is on this theory, which is an issue of first impression in this Circuit, that Plaintiff bases its trade dress infringement claim.

Laraia argues that the Complaint fails to adequately define the allegedly protected "look and feel" of YOURLAWYER.COM. The Court agrees. The few courts to address this issue have held that "a mere cataloguing of a website's features does not give defendants adequate notice of a plaintiff's trade dress claim," Salt Optics, 2010 WL 4961702, at *5; see also Sleep Sci., 2010 WL 1881770, at *3, especially, when, like Plaintiff here, the list of features comprising the trade dress is not complete (Compl. ¶ 14 (stating that the elements of Plaintiff's trade dress "include, but are not limited to" the elements listed)), see Sleep Sci., 2010 WL 1881770, at *3 (granting a motion to dismiss a "look and feel" trade dress claim because the plaintiff had employed language suggesting that the elements of the website listed in the complaint were only some among many, "which raise[d] a question of whether [the plaintiff] intend[ed] to redefine its trade dress at a future stage of the litigation"). Rather, to survive a motion to dismiss, a complaint must "synthesize" how these features "combine to create the website's protectable 'look and feel.'" Salt Optics, 2010 WL

4961702, at *5; cf. Conference Archives, 2010 WL 1626072, at *6
("The 'true test' for distinctiveness is whether the look and feel
causes the public to associate the look and feel of the web site
with the Plaintiff's web site.").  Plaintiff has not done that
here:  the Complaint merely lists a few, but not all, of the
features of YOURLAWYER.COM that it believes constitute its trade
dress.  (Compl. ¶ 14.)  The Complaint makes no attempt to
synthesize those elements or even remotely address the other three
elements of a claim for trade dress infringement.  Instead, the
Complaint alleges that the trade dress "serves to identify
[Plaintiff]" and is "widely recognized" (Compl. ¶ 12), that it is
"distinctive" (Compl. ¶ 21) and "not merely functional" (Compl.
¶ 14), and that Gilman's similar website is "likely to cause
consumer confusion" (Compl. ¶ 22).  These allegations are
conclusory and fail to plausibly suggest that the combination of
blue headers, pause and forward buttons, and brightly colored boxes
are synonymous with Plaintiff's firm[3] or would cause consumers to

---

[3] The Court seriously questions whether this defect is curable,
as Plaintiff's allegation that the "look and feel" of
YOURLAWYER.COM "serves to identify [Plaintiff] as the source of
its services" (Compl. ¶ 12) is belied by the fact that Plaintiff
has "hundreds of websites" (Compl. ¶ 10) that do not contain the
features of YOURLAWYER.COM described in the Complaint as
constituting protectable trade dress, see, e.g., www.cobalt
poisoning.com; www.zicam-smell-loss-lawyer.com; www.securities-
fraud.com; www.actos-may-cause-bladder-cancer-lawsuit.com.

mistake Gilman's website for YOURLAWYER.COM.[4]   Accordingly, Laraia's motion to dismiss the trade dress claim is GRANTED.

    B.   <u>State Law Claims</u>

        Under <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed in the litigation's "early stages."  <u>See also</u> 28 U.S.C. § 1367(c)(3). As discussed above, the Court dismissed Plaintiff's federal claim. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and Laraia's counterclaim and DISMISSES them WITHOUT PREJUDICE on this basis. <u>See</u> <u>Carnegie-Mellon</u>, 484 U.S. at 350.

---

[4] The Court also questions, without deciding here, whether it is appropriate to ever give websites trade dress protection, because, unlike a product on a shelf, in order to access a website, a user must either know the URL or type a query into a search engine (and, thus, select a website without first seeing its "look and feel").  Thus, given the affirmative steps that need to be taken to access a website, it is unclear how a consumer could ever find his or her way to one website and be misled into thinking it is another website simply because some of the websites' features are allegedly similar.  Plaintiff has failed to plead facts plausibly suggesting such consumer confusion here.

II.  <u>Leave to Amend</u>

Although Plaintiff has not requested leave to replead, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."  <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999); <u>see also</u> FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility.  <u>See</u> <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001).  To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002).

With respect to Plaintiff's trade dress claim, given the lack of factual specificity in the Complaint, the Court cannot determine at this time whether leave to replead would be futile. Nonetheless, the other courts that have dismissed "look and feel" claims for failure to adequately define the alleged trade dress have granted leave to replead, <u>see</u>, <u>e.g.</u>, <u>see also</u> <u>Salt Optics</u>, 2010 WL 4961702, at *5-6; <u>Sleep Sci.</u>, 2010 WL 1881770, at *3-4; therefore, this Court too dismisses the trade dress WITHOUT PREJUDICE and WITH LEAVE TO REPLEAD to cure the pleading deficiencies described above.  Because it is unclear whether

13

Plaintiff will be able to successfully plead a claim for trade dress infringement, all discovery in this action is hereby STAYED pending either Laraia's filing an answer or this Court's resolution of a subsequent motion to dismiss.

III. <u>Appeal of Judge Tomlinson's Discovery Order</u>

Because there is no longer an operative complaint, Laraia's appeal of Judge Tomlinson's discovery order is DENIED AS MOOT. Nonetheless, the Court recognizes that if Plaintiff chooses to file an amended complaint, these issues may again become relevant. Therefore, Laraia is GRANTED leave to renew such appeal within fourteen days of the discovery stay being lifted.

<u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that:

(1) Laraia's motion for judgment on the pleadings (Docket Entry 25) is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE with leave to file an amended complaint. Such amended complaint must be filed within thirty (30) days of the date of this Memorandum and Order. If the Court does not receive an amended complaint in the time prescribed, the trade dress claim will be deemed dismissed with prejudice and this action will be marked closed. It is further ORDERED that:

(2) The Court declines to extend supplemental jurisdiction over Laraia's state law counterclaim, and such claim is also DISMISSED WITHOUT PREJUDICE;

14

(3)  All discovery is STAYED pending either the filing of an answer or this Court's resolution of a motion to dismiss;

(4)  Laraia's appeal of Judge Tomlinson's discovery order (Docket Entry 48) is DENIED with leave to refile within fourteen (14) days of the discovery stay being lifted; and

(5) Plaintiff's counsel is ORDERED to provide the Court with updated contact information.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    July  24 , 2013
          Central Islip, New York