```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PARKER WAICHMAN LLP,

                        Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           12-CV-4784(JS)(AKT)

GILMAN LAW LLP and ROBERT LARAIA,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Brad D. Rose, Esq.
                        Benjamin Kincaid Semel, Esq.
                        William L. Charron, Esq.
                        Pryor Cashman LLP
                        7 Times Square
                        New York, NY 10036

For Defendants:
Gilman Law LLP          Roger J. Bernstein, Esq.
                        Law Offices of Roger Bernstein, Esq.
                        535 Fifth Avenue, 35th Floor
                        New York, NY 10017

Robert Laraia           Scott M. Mishkin, Esq.
                        Kyle T. Pulis, Esq.
                        Scott Michael Mishkin, PC
                        One Suffolk Square, Suite 240
                        Islandia, NY 11749
```

SEYBERT, District Judge:

On July 24, 2013, this Court granted judgment on the pleadings in favor of Defendant Robert Laraia ("Laraia") and dismissed the claims of Plaintiff Parker Waichman LLP ("Plaintiff"). Laraia now moves for his attorneys' fees incurred in defending against Plaintiff's Lanham Act and New York common law claims pursuant to the Lanham Act's attorneys' fees provision,

15 U.S.C. § 1117(a).  For the following reasons, Laraia's motion for attorneys' fees is DENIED.

BACKGROUND

Plaintiff commenced this action on September 25, 2012 against Laraia and Gilman Law LLP ("Gilman," and together with Laraia, "Defendants") asserting claims of trade dress infringement under the Lanham Act and violations of New York common law arising out of Defendants' alleged copying of the form and content of one of Plaintiff's websites.  Plaintiff, a personal injury law firm, alleged that Gilman, also a personal injury law firm, purposely hired Laraia, a former employee of Plaintiff who assisted in the programming and designing of webpages on Plaintiff's website, so that Gilman could copy Plaintiff's website.

On October 17, 2012, Laraia answered the Complaint, asserting a counterclaim for unpaid wages pursuant to New York's Labor Law statute.  (Docket Entry 10.)  On December 6, 2012, Laraia moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Docket Entry 25.)  Gilman did not answer the Complaint, but instead moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry 14.) Plaintiff and Gilman settled, however, and the Court denied Gilman's motion to dismiss as moot when a Consent Decree was entered on December 21, 2012, leaving Plaintiff and Laraia as the remaining parties in the case. (Docket Entry 34.)

2

On July 24, 2013, this Court granted judgment on the pleadings in favor of Laraia and dismissed Plaintiff's trade dress infringement claim. Parker Waichman LLP v. Gilman Law LLP, No. 12-CV-4784, 2013 WL 3863928 (E.D.N.Y. July 24, 2013). Noting that Plaintiff's claim of trade dress infringement was an issue of first impression in the Second Circuit and that there was sparse case law on the issue outside of the Circuit, the Court held that the Complaint was deficient because it failed to adequately define the allegedly protected "look and feel" of Plaintiff's website and only stated the remaining elements of a trade dress claim in a conclusory fashion. Id. at *2-3. The Court dismissed the trade dress claim, without prejudice and with leave to replead, and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. Id. at *4-6. Plaintiff did not file an amended complaint and Laraia filed his motion for attorneys' fees on August 7, 2013.

## DISCUSSION

Under Section 35(a) of the Lanham Act, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). To receive fees under this section, "a party must demonstrate the losing party acted in bad faith." Faberware Licensing Co. v. Meyer Mktg. Co., 428 F. App'x 97, 99 (2d Cir. 2011) (citing Universal City Studios, Inc. v. Nintendo Co., 797 F.2d 70, 77 (2d Cir.

3

1986)); Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012) (The Lanham Act "'allows recovery of a reasonable attorney's fee only . . . on evidence of fraud or bad faith.'" (emphasis added) (quoting Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 194 (2d Cir. 1996))). Moreover, although bad faith is a prerequisite to finding that a case is sufficiently "exceptional" to warrant an award of attorneys' fees, a finding of bad faith does not automatically require an award of attorneys' fees under the Lanham Act. See Mister Softee of Brooklyn, Inc. v. Boula Vending Inc., 484 F. App'x 623, 624 (2d Cir. 2012) (rejecting argument that a finding of willful infringement automatically required an award of attorneys' fees in plaintiffs' favor). Ultimately, the decision to award attorneys' fees "'falls well within the district court's discretion, and absent evidence of its abuse,' will not be disturbed on review." Conopco, 95 F.3d at 194 (quoting Getty Petroleum Corp. v. Bartco Petroleum Corp., 858 F.2d 103, 114 (2d Cir. 1988)).

Courts generally award attorneys' fees to a defendant in a Lanham Act action "only where there is some evidence that the plaintiff filed the action for an improper purpose." Multivideo v. Labs, Inc. v. Intel Corp., No. 99-CV-3908, 2000 WL 502866, at *2 (S.D.N.Y. Apr. 27, 2000) (emphasis added); compare Mennen Co. v. Gillette Co., 565 F. Supp. 648, 657 (S.D.N.Y. 1983) (awarding attorneys' fees because there was "substantial overtone in [the]

4

case to warrant an inference that [the] suit was initiated as a competitive ploy") with Gamla Enters. N. Am., Inc. v. Lunor-Brillen Design U. Vertriebs GMBH, No. 98-CV-992, 2000 WL 193120, at *5 (S.D.N.Y. Feb. 17, 2000) (declining to award attorneys' fees where plaintiff's pursuit of its claims "was at worst negligent"). An improper purpose may be inferred if the plaintiff's allegations are so baseless or totally devoid of legal merit that one could only conclude that the plaintiff commenced the action with an ill motive. Gameologist Grp., LLC v. Scientific Games Int'l, Inc., No. 09-CV-6261, 2012 WL 1446922, at *2 (S.D.N.Y. Apr. 26, 2012) ("[W]hen 'courts have found bad faith based on the meritlessness of a plaintiff's claims, [t]he circumstances were generally such . . . that a court could draw no inference other than that the actions had been brought for improper purposes.'" (internal quotation marks omitted) (quoting Farberware Licensing Co. v. Meyer Mktg. Co., No. 09-CV-2570, 2009 WL 5173787, *2 (S.D.N.Y. Dec. 30, 2009), aff'd, 428 F. App'x 97 (2d Cir. 2011))). However, "a plaintiff's failure to prevail on its claims, standing alone, is not enough to anchor a claim of bad faith." Farberware, 428 F. App'x at 99 (citing Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics, 166 F.3d 438, 439 (2d Cir. 1999)).

   Here, Laraia makes no showing of an improper purpose in Plaintiff's filing of this action. The only "evidence" Laraia offers--an unsworn, conclusory statement in his memorandum of law

5

that Plaintiff had a "personal vendetta" against Laraia and "affirmed that he did not have any evidence to back up his allegations, and was looking to the Defendant [Laraia] to provide <u>him</u> with a basis for his meritless suit" at a status conference before Magistrate Judge A. Kathleen Tomlinson, (Laraia's Br., Docket Entry 56, at 2-3 (emphasis in the original))--finds no support in the record. (<u>See</u> Civil Conference Minute Order, Docket Entry 51.)

Laraia also fails to demonstrate that Plaintiff's claims were so meritless that one could only conclude that Plaintiff commenced this action for an improper purpose. Plaintiff's trade dress claim was insufficient as pleaded. However, Plaintiff's theory of liability presented a somewhat novel concept and was an issue of first impression in this Circuit. Indeed, the Court dismissed Plaintiff's claim without prejudice and granted Plaintiff leave to replead, which this Court would not have done if it found evidence of bad faith. <u>Parker Waichman</u>, 2013 WL 3863928, at *5 ("Leave to amend should be granted unless there is evidence of undue delay, <u>bad faith</u>, undue prejudice, or futility." (emphasis added) (citing <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001))). Plaintiff's failure to plead its claim adequately, "absent any evidence of an improper purpose, is at worst incompetent." <u>Multivideo Labs</u>, 2000 WL 502866, at *3 (declining to award attorneys' fees in Lanham Act action, even

6

though "[c]areful counsel should have warned [the plaintiff] that there was neither legal nor factual support for its lawsuit," because there was no evidence of an improper purpose in the filing of the action). Accordingly, based on the record, this Court cannot conclude that Plaintiff's claims were either made for an improper purpose or were entirely baseless.

Finally, in the July 24th Order granting judgment on the pleadings, the Court directed Plaintiff to file an amended complaint within thirty days or its trade dress claim would be deemed dismissed with prejudice. <u>Parker Waichman</u>, 2013 WL 3863928, at *5. The Court has not received an amended complaint from Plaintiff. Therefore, Plaintiff's trade dress claim is DISMISSED WITH PREJUDICE.

<u>CONCLUSION</u>

For the foregoing reasons, Laraia's motion for attorneys' fees is DENIED, and Plaintiff's trade dress infringement claim is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __7__, 2014
       Central Islip, New York

7